UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD J. DROGOSCH,

      Plaintiff,                         Case No. 05-60071

v.                                       Honorable John Corbett O'Meara

TIM METCALF, RYAN LANDRY, KEVIN
GILLIAM, LT. PANACKIA, MICHAEL
LONG, and JOHN LAZARSKI, in their
individual capacities, and WAYNE COUNTY,

      Defendants.
_____/

## ORDER DENYING DEFENDANT METCALF'S
## AUGUST 28, 2007 MOTION FOR RECONSIDERATION

This matter came before the court on defendant Tim Metcalf's August 28, 2007 motion for

consideration of the court's August 22, 2007 opinion and order which, among other things, granted

in part and denied in part Metcalf's motion for summary judgment. Plaintiff filed a response

November 20, 2007; and Metcalf filed a reply November 29, 2007.

> Generally, and without restricting the court's discretion, the court will
> not grant motions for rehearing or reconsideration that merely present
> the same issues ruled upon by the court, either expressly or by
> reasonable implication. The movant must not only demonstrate a
> palpable defect by which the court and the parties have been misled
> but also show that correcting the defect will result in a different
> disposition of the case.

Local Rule 7.1(g)(3)(E.D. Mich. Dec. 1, 2005).

Defendant Metcalf correctly points out that the court erred on page 8 of the previous order in

stating, "Metcalf admits that he filled out a Swift Arrest Detainer form in order to keep Plaintiff in

jail even though Metcalf knew that Plaintiff was not a parolee." Instead, Metcalf filled out a Parole

Detainer form in order to lodge Plaintiff in the jail. The court at page 3 of the previous order correctly stated that it was defendant Ryan Landry who had completed and signed the Swift Arrest Detainer.

Despite the defect in the court's August 22, 2007 order, correcting the defect will not result in a different disposition in this case. Defendant Metcalf sought summary judgment based on qualified immunity. Application of the defense of qualified immunity depends on whether a defendant's conduct violated a clearly established statutory or constitutional right of which a reasonable person would have known. Anderson v. Creighton, 483 U.S. 635, 638-40 (1987). For the law to be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violated that right." Id. at 640.

Defendant Metcalf insists that he did not *intentionally* violate Plaintiff's rights. "I feel that with what I had to work with and the resources I had to draw from, by putting that detainer on Mr. Drogosch, I didn't do it out of any malice towards him. It was all I had to work with." Metcalf dep. at 81. A genuine issue of material fact exists regarding whether Metcalf's actions were reasonable under the circumstances.

### **ORDER**

It is hereby **ORDERED** that defendant Metcalf's August 28, 2007 motion for reconsideration is **DENIED**.


s/John Corbett O'Meara
United States District Judge


Date: February 13, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 13, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager